UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

STEPHANIE VICTORIA GARCIA,

      Plaintiff,

    v.

FRANK BISIGNANO,
Commissioner of Social Security,

      Defendant.

Case No. 2:25-cv-00870-EJY

**ORDER**

Plaintiff Stephanie Victoria Garcia ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") finding Plaintiff is not disabled under the Social Security Act (the "Act"). ECF No. 10, Administrative Record ("AR") 18. The Court reviewed Plaintiff's Brief (ECF No. 10) and the Commissioner's Response (ECF No. 14). Plaintiff did not file a Reply. The Court finds as follows.

**I.    BACKGROUND**

Plaintiff filed a Title II application for disability and disability insurance benefits as well as a Title XVI application for supplemental security income on March 16, 2022. AR 17. The Social Security Administration denied Plaintiff's applications initially and upon reconsideration. *Id*. Plaintiff requested a hearing before an Administrative Law Judge (the "ALJ") that was held on March 12, 2024. *Id*. The ALJ issued his decision finding Plaintiff was not disabled on April 30, 2024. AR 17-33. Plaintiff requested review of the ALJ's decision, which was denied by the Appeals Counsel on April 3, 2025. AR 1-8. Plaintiff seeks judicial review of the Commissioner's decision under 42 U.S.C. § 405(g).

**II.    STANDARD OF REVIEW**

The reviewing court shall affirm the Commissioner's decision if the decision is based on correct legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is "more than a mere scintilla." More than a scintilla of evidence means "such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) (quoting *Biestek v. Berryhill*, 587 U.S. 97, 103) (2019) further citations omitted)).  In reviewing the Commissioner's alleged errors, the Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986) (internal citations omitted).

"When the evidence before the ALJ is subject to more than one rational interpretation, … [the court] must defer to the ALJ's conclusion." *Batson*, 359 F.3d at 1198, *citing Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).  However, a reviewing court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (internal citation omitted).  And, a court may not reverse an ALJ's decision based on a harmless error.  *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (internal citation omitted).  "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

## III.     ESTABLISHING DISABILITY UNDER THE ACT

To establish whether a claimant is disabled under the Social Security Act, there must be substantial evidence that:

> 1.     the claimant suffers from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months; and
> 2.     the impairment renders the claimant incapable of performing the work that the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy.

*Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999), *citing* 42 U.S.C. § 423(d)(2)(A).  "If a claimant meets both requirements, he or she is disabled." *Id*. (internal quotations omitted).

The ALJ uses a five-step sequential evaluation process to determine whether a claimant is disabled within the meaning of the Act.  *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520(a).  Each step is potentially dispositive and "if a claimant is found to be 'disabled' or 'not-disabled' at any step in the sequence, there is no need to consider subsequent steps." *Tackett*, 180 F.3d at 1098 (internal citation omitted); 20 C.F.R. § 404.1520.  The claimant carries the burden of

proof at steps one through four, and the Commissioner carries the burden of proof at step five. *Tackett*, 180 F.3d at 1098.

The five steps consider:

Step 1. Is the claimant presently working in a substantially gainful activity? If so, then the claimant is "not disabled" within the meaning of the Social Security Act and is not entitled to disability insurance benefits. If the claimant is not working in a substantially gainful activity, then the claimant's case cannot be resolved at step one and the evaluation proceeds to step two. 20 C.F.R. § 404.1520(b).

Step 2. Is the claimant's impairment severe? If not, then the claimant is "not disabled" and is not entitled to disability insurance benefits. If the claimant's impairment is severe, then the claimant's case cannot be resolved at step two and the evaluation proceeds to step three. 20 C.F.R. § 404.1520(c).

Step 3. Does the impairment "meet or equal" one of a list of specific impairments described in the regulations? If so, the claimant is "disabled" and therefore entitled to disability insurance benefits. If the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, then the claimant's case cannot be resolved at step three and the evaluation proceeds to step four. 20 C.F.R. § 404.1520(d).

Step 4. Is the claimant able to do any work that he or she has done in the past? If so, then the claimant is "not disabled" and is not entitled to disability insurance benefits. If the claimant cannot do any work he or she did in the past, then the claimant's case cannot be resolved at step four and the evaluation proceeds to the fifth and final step. 20 C.F.R. § 404.1520(e).

Step 5. Is the claimant able to do any other work? If not, then the claimant is "disabled" and therefore entitled to disability insurance benefits. 20 C.F.R. § 404.1520(f)(1). If the claimant is able to do other work, then the Commissioner must establish that there are a significant number of jobs in the national economy that the claimant can do. There are two ways for the Commissioner to meet the burden of showing that there is other work in "significant numbers" in the national economy that claimant can do: (1) by the testimony of a vocational expert [("VE")], or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2. If the Commissioner meets this burden, the claimant is "not disabled" and therefore not entitled to disability insurance benefits. 20 C.F.R. §§ 404.1520(f), 404.1562. If the Commissioner cannot meet this burden, then the claimant is "disabled" and therefore entitled to disability benefits. *Id*.

## IV.   THE SUMMARY OF ALJ'S DECISION

At step one the ALJ found Plaintiff had not engaged in substantial gainful activity since July 31, 2018. AR 20. At step two the ALJ found Plaintiff suffered from the following severe impairments: a "spine disorder; obesity; depressive disorder; [and] anxiety disorder." *Id*. The ALJ further found Plaintiff's following impairments non-severe: "hypertension, hepatic steatosis, ovarian cyst, urinary tract infection (UTI), upper respiratory infection (URI), tachycardia, gastroesophageal

reflux disease (GERD), [and] hyperlipidemia." *Id*. At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any "listed impairment[] in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926)" or "12.04 and 12.06." AR 21.

Thereafter, the ALJ concluded Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) with several exceptions. AR 24. The ALJ further explained that although Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms …, [Plaintiff's] statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." AR 25. The ALJ found Plaintiff was unable to perform past relevant work, but given her age, education, work experience, and RFC there were still a significant number of jobs she could perform in the national economy. AR 32. Thus, the ALJ concluded Plaintiff was not disabled as defined by the Act from her onset date through the date of his decision. AR 33.

## V.    DISCUSSION

### a.    Issue Before the Court.

The sole issue presented to the Court is whether the ALJ provided clear and convincing reasons to reject Plaintiff's physical and mental symptom testimony. ECF No. 10 at 5.

### b.    The Parties' Arguments.

Plaintiff argues the ALJ committed legal error by not stating clear and convincing reasons to discount her symptom testimony. *Id*. Plaintiff submits the ALJ used boilerplate language and argues the listing of medical evidence without analysis is an insufficient basis for rejection. *Id*. at 8. Plaintiff further contends the ALJ mischaracterized and cherrypicked the underlying record to discount her testimony. *Id*. at 8-9. Plaintiff says the ALJ mischaracterized the record when stating her neck pain was improving given that more recent treatment notes demonstrate moderate to severe pain persisted. *Id*. at 9 (citing AR 1630-31). Plaintiff highlights that the ALJ did not make a finding regarding whether her daily activities were inconsistent with her symptom testimony. *Id*. at 13. Plaintiff also argues the ALJ cherrypicked the record relating to the permanent implantation of the

Spinal Cord Stimulator because the ALJ (1) faulted Plaintiff for gaps in her treatment that were not of her own doing, and (2) did not discuss treatment records from after the state agency's review demonstrating that Plaintiff continued to experience pain. *Id*. at 9-12. Finally, regarding Plaintiff's mental symptom testimony, Plaintiff contends the ALJ erred by exclusively relying on mental status examinations made by doctors, rather than the totality of her presentation. *Id*. at 15-16.

The Commissioner responds that the ALJ's decision is free from reversible error. ECF No. 14 at 1. The Commissioner argues the ALJ reasonably discounted Plaintiff's symptom testimony because of contradictions with objective medical evidence, positive treatment responses, and noted medical opinions in the record. *Id*. at 5, 9, 12. The Commissioner says Plaintiff failed to challenge the ALJ's consideration of physical and mental examinations showing largely normal functioning. *Id*. at 7-8.

The Commissioner reasons Plaintiff's cherrypicking argument is, at best, an attempt to reach "different conclusions" based on "the same evidence." *Id*. at 10. Thus, the Commissioner submits the Court must defer to the ALJ's interpretation. *Id*. The Commissioner maintains it is inconsequential that the state agency consultants lacked recent treatment notes related to the permanent implantation of the Spinal Cord Stimulator because Plaintiff did not allege her condition significantly deteriorated after the agency consultants' review. *Id*. at 12. Finally, the Commissioner argues Plaintiff cannot demonstrate error based on the ALJ's lack of discussion surrounding her daily living activities because the ALJ did not, nor was he required to, discuss the topic. *Id*. at 12-13.

c.    Analysis.

"Once the claimant produces medical evidence of an underlying impairment, the Commissioner may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence." *Berry v. Astrue*, 622 F.3d 1228, 1234 (9th Cir. 2010) (quoting *Lester v. Chater,* 81 F.3d 821, 834 (9th Cir. 1995)). The ALJ "must provide specific, cogent reasons for the disbelief." *Id*. (internal citations and quotations omitted). Specifically, "the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (internal citations and quotations omitted). If the ALJ's credibility determination

"is supported by substantial evidence in the record, the Court may not engage in second-guessing." *Tony G. v. Kijakazi*, Case No. 2:22-cv-00312-BNW, 2023 WL 4542132, at *3 (D. Nev. July 14, 2023) (citing *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002)).

On page 9 of the ALJ's 17-page decision, the ALJ paints a dismal picture of Plaintiff's current living situation based on her testimony. AR 25. The ALJ stated:

> She has mostly bad days…On a bad day, she is pretty much bedridden…The lower back pain is constant and sharp…Even with pain medications, she still has a lot of pain. She can stand for 10 minutes or less. She was recently prescribed a cane…She has difficulty dressing and bathing herself…Depression causes her to not want to go out in public or be around people. She cries and sits in a dark room most of the month.

*Id*. Juxtaposed with this summary, the ALJ found that although Plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms …[; however, Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." AR 25.

The Court finds the ALJ did not provide clear and convincing reasons to discount Plaintiff's testimony. After summarizing the relevant objective medical evidence, the ALJ concluded "[a]s for the … [Plaintiff's] statements about the intensity, persistence, and limiting effects of his or her symptoms, they are inconsistent because objective findings in the medical evidence of record simply do not corroborate the extent of the … [Plaintiff's] alleged disabling allegations." AR 29. While contradiction with medical evidence is a sufficient reason to reject a specific portion of Plaintiff's symptom testimony, *Carmickle v. Comm'r, Social Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008), "an ALJ may not 'reject a … [Plaintiff's] subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Smartt v. Kijakazi*, 53 F.4th 489, 494-95 (9th Cir. 2022) (quoting *Burch*, 400 F.3d at 681).

There may be a fine line between contradiction and a lack of corroboration, but there is a legal distinction. *E.g. Tobias M. P. v. Bisignano*, Case No. 2:25-CV-02608-JDE, 2026 WL 146620, at *5 (C.D. Cal. Jan. 20, 2026) ("Under *Smartt* and *Trevizo*, the mere lack of corroborating medical evidence, as opposed to contradictory medical evidence, is not a proper basis on its own upon which to discount symptom testimony."). Because the ALJ rejected Plaintiff's symptom testimony

generally over a lack of corroborating medical evidence, without citing anything in the record contradicting the intensity, persistence, and limiting effects of Plaintiff's symptoms, the ALJ did not provide a sound clear and convincing reason for the decision he reached.

The Commissioner contends the ALJ provided clear and convincing reasons other than contradictory evidence as the basis for discounting Plaintiff's symptom testimony. ECF No. 14 at 9-13. These reasons include positive treatment records and medical opinions. *Id*. citing AR 26-31. While the Court agrees that positive treatment records and opinions could provide an adequate basis to discount portions of symptom testimony,[1] the ALJ's decision—in contrast to the argument made by counsel for the Commissioner—does not demonstrate he relied on either reason to discount any portion of Plaintiff's testimony. *Compare* ECF No. 14 at 9 *with* AR 26-29; ECF No. 14 at 12 *with* AR 29-31. Ninth Circuit precedent makes clear that "providing a summary of medical evidence in support of a residual functional capacity finding is not the same as providing clear and convincing *reasons* for finding the claimant's symptom testimony not credible." *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015). In the end, the ALJ's decision lacks a clear and convincing reason to reject any portion of Plaintiff's symptom testimony. Accordingly, the Court remands this case for further proceedings consistent with this Order.

**VI.   ORDER**

IT IS HEREBY ORDERED that Plaintiff's Brief (ECF No. 10) is GRANTED.

IT IS FURTHER ORDERED that judgment is entered in favor of Plaintiff. This matter is therefore remanded to the Commissioner of Social Security for proceedings consistent with this Order under sentence four of 42 U.S.C. § 405(g).

---

[1] For example, the Ninth Circuit indicates "evidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment." *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) (citing *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995). Opinions by state agency consultants contradicting a plaintiff's testimony may be a clear and convincing reason to reject the symptom testimony. *Porter v. Acting Comm'r of Soc. Sec. Admin.*, Case No. CV-21-0193-TUC-JCH (LCK), 2022 WL 7346430, at *4 (D. Ariz. Aug. 9, 2022), report and recommendation adopted sub nom. Porter v. Comm'r of Soc. Sec. Admin., Case No. CV-21-00193-TUC-JCH, 2022 WL 4244591 (D. Ariz. Sept. 15, 2022) (collecting cases).

IT IS FURTHER ORDERED that the Clerk of Court is directed to close this case.

Dated this 4th day of March, 2026.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE